Jon B. Fougner (State Bar No. 314097)
Email: Jon@FougnerLaw.com
600 California Street, 11th Fl.
San Francisco, CA 94108
Telephone: (434) 623-2843
Facsimile: (206) 338-0783

*Attorney for Plaintiff Terry Fabricant and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED CARD SOLUTIONS LLC,<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)**<br>2. **KNOWING OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT - 1

Plaintiff TERRY FABRICANT ("Plaintiff"), by his undersigned counsel, for this class action complaint against Defendant UNITED CARD SOLUTIONS LLC, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("United Card Solutions," "United Card" or "Defendant"), alleges as follows:

## I. INTRODUCTION

1. <u>Nature of Action</u>. Plaintiff, individually and as class representative for all others similarly situated, brings this action against United Card Solutions for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## II. PARTIES

2. Plaintiff Terry Fabricant is an individual residing in California, in this District.

3. Defendant United Card Solutions LLC is an Oregon limited liability company. United Card Solutions does business in California and throughout the United States, including the making of telemarketing calls into this district.

## III. JURISDICTION AND VENUE

4. <u>Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

5. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over United Card Solutions because a substantial part of the wrongful acts alleged in this Complaint were committed in California.

6. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of Section 227(b)(1)(A). 47 U.S.C. § 227(b)(3).

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

10. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

11. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a

  specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted).

## V.   FACTUAL ALLEGATIONS

12. United Card Solutions offers various payment technologies for businesses. *About United Card Solutions*, United Card Solutions, http://unitedcardsolutions.com (last visited Feb. 15, 2018).

13. One of United Card Solutions's strategies for marketing its payment services and generating new customers is telemarketing.

14. United Card's strategy for generating new customers involved the use of an automatic telephone dialing system ("ATDS") to solicit business.

15. United Card uses ATDS equipment that has the capacity to store or produce telephone numbers to be called, that includes autodialers and predictive dialers and that plays a prerecorded message once the calls connect.

16. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's telephone number, "(818)-700-XXXX," is registered to a cellular telephone service.

19. On October 2, 2017, Plaintiff received a pre-recorded call from the Defendant.

20. The caller ID showed the telephone call was from (215) 595-9072.

21. In an attempt to determine the identity of the caller, Plaintiff pressed the button for further information.

22. The call was made for the purpose of acquiring Plaintiff as a new customer of the Defendant.

23. Plaintiff, however, was not interested and had not provided his consent to receive the call.

24. Despite its prior unsuccessful sales attempt, Defendant again contacted Plaintiff with an automated call on November 6, 2017.

25. When the call was answered, there was a lengthy pause and a click followed by silence before any voice came on the line, which indicated that the call was made using an ATDS.

26. Plaintiff has never been a customer of United Card Solutions, nor has he ever been interested in being a customer of United Card Solutions.

27. Plaintiff did not provide prior express written consent to receive ATDS-generated or prerecorded calls from, or on behalf of, United Card Solutions.

28. Plaintiff's privacy has been violated by the above-described calls from, or on behalf of, United Card Solutions. The calls were annoying, harassing nuisances.

29. Plaintiff and all members of the Class, defined below, have been harmed by the acts of United Card Solutions because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI. CLASS ACTION ALLEGATIONS

30. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of a class (the "Class") defined as follows:

> All persons to whom: (a) United Card Solutions and/or a third party acting on United Card Solutions's behalf made one or more non-

emergency telephone calls; (b) promoting United Card Solutions's goods or services; (c) to their cellular telephone numbers; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time in the period that begins four years before the date of filing this Complaint and ends at the date of trial. Excluded from the Class are United Card Solutions, any entity in which United Card Solutions has a controlling interest or that has a controlling interest in United Card Solutions, and United Card Solutions's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

31. <u>Numerosity</u>. The Class is so numerous that joinder of all its members is impracticable. On information and belief, the Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

32. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether United Card Solutions used a prerecorded voice (as opposed to a live person who acted and sounded prerecorded);

    b. Whether United Card Solutions used an autodialer (as opposed to a human dialer who waited a long time before speaking and then made a clicking sound);

    c. Whether United Card Solutions purchased batches of leads of prospects who had not consented to be called by it;

    d. Whether United Card Solutions and/or its affiliates or agents, and/or other persons or entities acting on United Card Solutions's behalf, violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS and/or artificial or prerecorded voice;

1          e.    Whether United Card Solutions and/or its affiliates or agents, and/or other persons or entities acting on United Card Solutions's behalf, knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS and/or artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

        f.    Whether United Card Solutions is liable for ATDS-generated and/or automated or prerecorded calls promoting United Card Solutions's products or services made by United Card Solutions's affiliates, agents, and/or other persons or entities acting on United Card Solutions's behalf; and

        g.    Whether United Card Solutions and/or its affiliates, agents, and/or other persons or entities acting on United Card Solutions's behalf should be enjoined from violating the TCPA in the future.

33. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and those of the Class arise out of the same course of conduct by United Card Solutions and are based on the same legal and remedial theories.

34. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable counsel with experience in TCPA class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has interests contrary to or conflicting with those of the proposed Class.

35. <u>Predominance</u>. United Card Solutions has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these

common issues in a single action has important and desirable advantages, including judicial economy.

36. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel United Card Solutions to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against United Card Solutions is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

37. <u>Injunctive and Declaratory Relief is Appropriate</u>. United Card Solutions has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

38. <u>Notice</u>. Plaintiff anticipates that the mailing address and/or electronic mailing address of Class members will be obtained during discovery from Defendant's calling records (potentially in conjunction with third-party databases that map phone numbers to such addresses). Plaintiff anticipates that Class counsel will notify Class members in writing at such addresses.

## VII. FIRST CLAIM FOR RELIEF

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))**

39.  Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40.  The foregoing acts and omissions of United Card Solutions and/or its affiliates or agents, and/or other persons or entities acting on United Card Solutions's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency calls to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

41.  As a result of violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by United Card Solutions and/or its affiliates or agents and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42.  Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting United Card Solutions, its affiliates and agents, and/or any other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice.

## VIII. SECOND CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))**

43.  Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44. As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by United Card Solutions, its affiliates or agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against United Card Solutions as follows:

    A. Certification of the proposed Class;

    B. Appointment of Plaintiff as representative of the Class;

    C. Appointment of the undersigned counsel as counsel for the Class;

    D. A declaration that actions complained of herein by United Card Solutions and/or its affiliates, agents, or related entities violate the TCPA;

    E. An order enjoining United Card Solutions and its affiliates, agents and related entities from engaging in the unlawful conduct set forth herein;

    F. An award to Plaintiff and the Class of damages, as allowed by law;

    G. An award to Plaintiff and the Class of attorney's fees and costs, as allowed by law and/or equity;

    H. Leave to amend this Complaint to conform to the evidence presented at trial; and

    I. Orders granting such other and further relief as the Court deems necessary, just and proper.

## X.     DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 21st day of February, 2018.

By: */s/ Jon B. Fougner*
Jon B. Fougner

*Attorney for Plaintiff Terry Fabricant and the Proposed Class*