UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1429 PA (FFMx) | Date | July 24, 2018 |
|---|---|---|---|
| Title | Terry Fabricant v. United Card Solutions LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Class Certification (Docket No. 29) filed by plaintiff Terry Fabricant ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 30, 2018, is vacated, and the matter taken off calendar.

### I.     Factual & Procedural Background

Plaintiff's Complaint against defendant United Card Solutions LLC ("Defendant") alleges claims for violations of the provisions of the Telephone Consumer Protection Act ("TCPA") applicable to telephone calls placed to telephone numbers assigned to cellular telephone services. See 47 U.S.C. § 227(b)(1)(A)(iii). Defendant is in the business of providing payment solutions to businesses. As part of its marketing efforts, Defendant buys sales leads, consisting of phone numbers and other contact information, from Infogroup, Inc. (d/b/a "SalesGenie"), and then has a vendor, Voiceless Technologies, Inc. ("Voiceless Technologies") call those sales leads to generate sales for Defendant. Voiceless Technologies uses "avatar" technology, in which a human operator selects "from a series of pre-designed responses to play in response to statements made by the recipient of the call." Without citing to any authority, Defendant contends that this "avatar" technology does not qualify as an "artificial or prerecorded voice" for purposes of the TCPA. At least at this preliminary stage, the Court need not resolve if the "pre-designed responses" used by Voiceless satisfy the TCPA's "artificial or prerecorded voice" requirement.

In the Motion for Class Certification, Plaintiff, who operates a sliding-door repair business, seeks to represent a class of those who received calls made by or on behalf of Defendant to cellular telephone numbers. Specifically, Plaintiff seeks to certify a damages class under Federal Rule of Civil Procedure 23(b)(3) defined as:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1429 PA (FFMx) | Date | July 24, 2018 |
|---|---|---|---|
| Title | Terry Fabricant v. United Card Solutions LLC | | |

> All persons to whom: (a) Voiceless Technologies made one or more non-emergency telephone calls; (b) promoting United Card Solutions LLC's goods or services; (c) to a cellular telephone number; (d) through the use of an artificial or prerecorded voice; (e) which calls United Card's records reflect were transferred to United Card; (f) at any time in the period that begins four years before the date of filing this Complaint and ends on the date of trial.

Plaintiff also seeks to certify an injunctive relief class under Federal Rule of Civil Procedure 23(b)(2) defined as:

> All persons to whom: (a) Voiceless Technologies made or will in the future make one or more non-emergency telephone calls; (b) promoting United Card Solutions LLC's goods or services; (c) using a telephone number it purchased from SalesGenie (d) to a cellular telephone number; (e) through the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the date of filing this Complaint.

Defendant's Opposition contends that no class should be certified because Plaintiff fails to satisfy Rule 23(a)'s requirements for certification, Plaintiff would be an inadequate class representative, and certification under Rule 23(b) is inappropriate because class claims do not predominate, class treatment is not a superior method for fairly and efficiently resolving the controversy, and Defendant's voluntary removal of Plaintiff's information from its call lists moots or calls into question Plaintiff's standing to pursue injunctive relief.

**II.    Legal Standard**

To obtain class certification, a plaintiff must satisfy the four requirements of Federal Rule of Civil Procedure 23(a) and the requirements of one of the Rule 23(b) subdivisions. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) requires the plaintiff to demonstrate that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. Proc. 23(a). To obtain class certification, "actual, not presumed, conformance with Rule 23(a) [is] . . . indispensable." Gen. Tel. Co. v. Falcon, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740, 752 (1982). In addition, Rule 23(b)(3) requires findings that (1) the common

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1429 PA (FFMx) | Date | July 24, 2018 |
|---|---|---|---|
| Title | Terry Fabricant v. United Card Solutions LLC | | |

questions of law or fact predominate over any questions affecting only individual members and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Fed. R. Civ. Proc. 23(b)(3).

   A district court must conduct a "rigorous analysis" to ensure Rule 23 requirements are satisfied.  Zinser, 253 F.3d at 1186.  As the Ninth Circuit has explained, this rigorous analysis "does not mean that a district court must conduct a full-blown trial on the merits prior to certification.  A district court's analysis will often, though not always, require looking behind the pleadings, even to issues overlapping with the merits of the underlying claims."  Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 581 (9th Cir. 2009), rev'd on other grounds, 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (discussing Falcon, 457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 ).  Thus, while a court at the class certification stage is prohibited from making determinations on the merits that do not overlap with the Rule 23 inquiry, district courts must make determinations that each requirement of Rule 23 is actually met.  Id. at 582.  "Rule 23 provides district courts with broad discretion to determine whether a class should be certified . . . ."  Armstrong v. Davis, 275 F.3d 849, 871 n.28 (9th Cir. 2001).

   Although neither the Ninth Circuit nor the Supreme Court has decisively attached a standard of proof to Rule 23's requirements, many courts apply the preponderance of the evidence standard.  See, e.g., Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc., 546 F.3d 196, 202 (2d Cir. 2008) ("Today, we dispel any remaining confusion and hold that the preponderance of the evidence standard applies to evidence proffered to establish Rule 23's requirements."); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 321–22 (3d Cir. 2008); Mekhitarian v. Deloitte & Touche (ICS), LLC, No. CV 07-412 DSF (MANx), 2009 WL 6057248, at *5 (C.D. Cal. Nov. 3, 2009) ("Because the Court finds that the preponderance standard of Rule 23(b)(3) is not met, it does not decide if all of the Rule 23(a) factors are satisfied.").  The Court finds that this is the appropriate burden of proof.

### III.  Analysis

   In support of the Motion for Class Certification, Plaintiff has submitted evidence that Voiceless Technologies made several million calls on behalf of Defendant during the class period using contact information supplied by SalesGenie.  The only direct evidence Plaintiff has that at least some of those calls were made to telephone numbers assigned to a cellular telephone service is Plaintiff's testimony that he received a call from Defendant to a number assigned to a cellular telephone service and a declaration filed on behalf of Abante Rooter and Plumbing, Inc., stating that it had received a call on behalf of Defendant to a cellular telephone.  Plaintiff seeks to satisfy Rule 23(a)'s numerosity requirement by using the percentage of numbers flagged by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1429 PA (FFMx) | Date | July 24, 2018 |
|---|---|---|---|
| Title | Terry Fabricant v. United Card Solutions LLC | | |

SalesGenie as having a "wireless indication," approximately 6.8% of the numbers supplied by SalesGenie, to the millions of calls made by Voiceless Technologies on behalf of Defendant (for the injunctive relief class) and the thousands of calls transferred from Voiceless Technologies to Defendant (for the damages class).

A proposed class meets Rule 23(a)'s numerosity requirement where the class is so numerous that joinder of all members individually is "impracticable." Fed R. Civ. P. 23(a)(1). No exact numerical cut-off is required; rather, the specific facts of each case must be considered. In re Cooper Cos. Sec. Litig., 254 F.R.D. 628, 634 (C.D. Cal. 2009) (citing General Tel. Co. of Northwest, Inc. v. E.E.O.C., 446 U.S. 318, 330, 100 S. Ct. 1698, 64 L. Ed. 2d 319 (1980)). However, numerosity is presumed where the plaintiff class contains forty or more members. Id. (citing Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995)). "Additionally, it is not necessary to state the exact number of class members when the plaintiff's allegations 'plainly suffice' to meet the numerosity requirement." Id. (quoting Schwartz v. Harp., 108 F.R.D. 279, 281-82 (C.D. Cal. 1985)).

Evidence of the number of cellular numbers SalesGenie "scrubbed" from the lists ultimately provided to Voiceless Technologies does not provide any basis for identifying the number of telephone numbers assigned to cellular telephone services that Voiceless Technologies actually called on behalf of Defendant. Plaintiff has therefore failed to meet his burden to establish by a preponderance of the evidence that the class is sufficiently numerous to satisfy the requirements of Rule 23(a). See Shields v. Walt Disney Parks & Resorts US, Inc., 279 F.R.D. 529, 546 (C.D. Cal. 2011) ("[W]here evidence of numerosity is entirely lacking, the Court cannot substitute its imagination—no matter how commonsensical—in place of facts. Because Rule 23(a) creates a conjunctive test and one of the requirements is not satisfied, the Court need not address the remaining three Rule 23(a) requirements or the Rule 23(b) requirements. See Dukes, 564 U.S. at 350, 131 S. Ct. at 2551, 180 L. Ed. 2d at 389.

### Conclusion

For the foregoing reasons, the Court denies Plaintiff's Motion for Class Certification.

IT IS SO ORDERED.